[Civ. No. 7411. First Appellate District, Division One.—February 26, 1931.]

HARRY ABRAMS, Respondent, v. A. M. HILLMAN et al., Appellants.

Irvin W. Ayres for Appellants.

Clarence W. Morris for Respondents.

TYLER, P. J.—Action to recover the sum of $478.25 as commissions for the sale of certain personal property.

The answer denied the indebtedness and alleged a set-off and counterclaim of $390. The court found for plaintiff and against the counterclaim and entered judgment for plaintiff in the full amount prayed for. Motion for new trial was made and denied, but the judgment was modified by changing the amount from $478.25 to $404.50. The appeal is from the original judgment, from the order denying a new trial and modification of judgment. The main point relied upon for a reversal is that the trial court improperly interpreted the commission agreement. So much of the instrument as is necessary for a discussion of the case reads as follows: "Your commission will be 10 per cent for all articles except for rayon where your commission will be 6 per cent, on the prices contained in my price-list. If you attain higher prices than those given to you you are entitled to 50 per cent of the difference. In this connection I wish to inform you, that I am getting here locally for 450 & 3/3 twist from the milliners and dressmakers, in some cases, as high as, $3.50 per lb. and never less than $3.00. I think that this is the trade in which we both are mostly interested. In case of real large orders, for which, a considerable reduction will be necessary to get the business, your commission will have to be specially determined." The articles sold by plaintiff and upon which his claim for commissions was based consisted of merchandise other than rayon or silk. It was contended at the trial by counsel for defendants, that the provision for the special determination of commissions in case of real large orders with reduction in price, applied to all such orders irrespective of the particular class of merchandise sold and therefore applied to the articles sold by plaintiff. Aside from the contract itself, a letter written by defendants was introduced in evidence which recited that the particular portion of the contract relating to the special determination of commissions referred solely to silk orders.

The trial court found, and we think correctly, that plaintiff was entitled under the contract to the ten per cent commission for the character of merchandise he had sold. Complaint is also made that the findings are indefinite in certain particulars. We have examined the same and we find no

merit in this objection. ▮ Appellants further complain that the trial court erred in reducing the judgment from $478.25 to $404.50. Respondent insists that as appellants are benefited by the action of the court, they have no cause for complaint. The reduction in the amount of the judgment was the result of a stipulation filed by the attorney for plaintiff consenting to such modification. It will be presumed in support of the judgment that a new trial was denied on condition that plaintiff file a stipulation consenting to the said modification. (2 Cal. Jur., p. 860.)

The judgment. and order are affirmed.

Knight, J., and Cashin, J., concurred.